JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4299 GAF (Ex) | Date | June 29, 2010 |
|---|---|---|---|
| Title | Eladio Guerra et al v. Carrington Mortgage Services LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      **(In Chambers)**

ORDER REMANDING CASE

**I.  INTRODUCTION & BACKGROUND**

On April 26, 2010, plaintiffs Eladio and Juan Guerra (collectively, "Plaintiffs") filed this lawsuit against defendants Carrington Mortgage Services, LLC, New Century Mortgage Corp, Wells Fargo, N.A., Atlantic & Pacific Foreclosure Services, LLC, and Atlantic & Pacific Real Estate (CA), Inc. (collectively, "Defendants") in Los Angeles County Superior Court.  In sum and substance, the complaint alleges Plaintiffs relied on Defendants' "false representations" and became victims of a "deceptive scheme" "designed to sell risky and costly loans" to homeowners.  (Compl. ¶¶ 36-72.)

Plaintiffs assert the following claims: (1) fraud and intentional misrepresentation; (2) general negligence in not avoiding foreclosure or modifying loan terms; (3) negotiating in bad faith, violation of CAL. CIV. PROC. CODE § 1161 et seq., and relief from foreclosure (CAL. CIV. PROC. CODE § 1179); and (4) unlawful business practices in violation of California Business & Professions Code § 17200, the Unfair Competition Law ("UCL").

To support their Section 17200 claim, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961-1968), the Fair Debt Collection Practices Act ("FDCPA"), and 42 U.S.C. §§ 1981, 1982.  (Id. ¶ 113.)  Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1331, and contend that "Plaintiffs allege federal questions in the Complaint."  (Not. ¶ 2.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4299 GAF (Ex) | Date | June 29, 2010 |
|---|---|---|---|
| Title | Eladio Guerra et al v. Carrington Mortgage Services LLC et al | | |

  Because reference to federal law in a Section 17200 claim does not present a federal question, the Court **REMANDS** the present case for lack of subject matter jurisdiction. The Court explains its ruling in greater detail below.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

  Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removal statute is strictly construed against removal jurisdiction. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009). The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986). Rather, "federal courts are under an independent obligation to examine their own jurisdiction." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990).

**B. APPLICATION**

  **1. APPLICABLE LAW**

  In Rains v. Criterion Sys., Inc., the Ninth Circuit considered whether federal jurisdiction extends to a state law claim that alleges a number of alternative theories of relief, some of which are supported by reference to federal law. 80 F.3d 339, 341 (9th Cir. 1996). The plaintiff in Rains referred to Title VII of the Civil Rights Act of 1964 as one aspect of his claims for wrongful termination in violation of public policy and intentional interference with contractual relations. Id. at 342. In remanding the case for lack of subject matter jurisdiction, the Ninth Circuit held that "even though Rains' action is supported by a federal theory, there is no substantial federal question because his claim is also supported by an independent state theory." Id. at 347. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346.

  **2. THREE POSSIBLE GROUNDS FOR FEDERAL QUESTION JURISDICTION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4299 GAF (Ex) | Date | June 29, 2010 |
|---|---|---|---|
| Title | Eladio Guerra et al v. Carrington Mortgage Services LLC et al | | |

The Rains Court analyzed three possible grounds for federal question jurisdiction: (1) whether the plaintiff asserts a federal claim in his complaint; (2) whether, under the "artful pleading doctrine," one or more of the state law claims "should have been recharacterized as a federal claim"; and (3) whether the state law claims necessarily turn on "the construction of a substantial, disputed federal question." Id. at 343.

### a. Stating a Federal Claim

To determine whether Plaintiffs have asserted a federal claim in their complaint, the Court's "first task is to determine whether the face of [Plaintiffs'] complaint contains any allegations that would render [the] cause of action as one that 'arises' under federal law." Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1040 (9th Cir. 2003) (citation omitted). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. at 1040 (citing Merrell Dow, 478 U.S. at 808).

California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action. See, e.g., Ortiz v. Indymac Bank, F.S.B., 2010 WL 2035791, at *1 n.3 (C.D. Cal. May 20, 2010); Leal v. U.S. Bank Nat'l Ass'n, 2010 WL 2389959, at *2 (C.D. Cal. June 9, 2010) ("Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the action into a federal claim.") (citation omitted). UCL claims do not convert into a federal cause of action because "UCL claims typically borrow violations from other laws and treat them as independently actionable." Montoya v. Mortgageit Inc., 2010 WL 546891, at *2-3 (N.D. Cal. Feb. 10, 2010) (citing O'Grady v. Wachovia Bank, 2008 WL 438482, at *2 (C.D. Cal. Sept. 10, 2008)). Thus, the "complaint's references to federal law do not convert the UCL claim into a federal cause of action." Id.; see also Lippitt, 340 F.3d at 1039-41. In Montoya, the court noted that because the claim arose under the UCL, "as in Rains, it is state, not federal, law that creates the cause of action." Montoya, 2010 WL 546891, at *3.

Here, Plaintiffs have not asserted a claim pursuant to RICO, the FDCPA, or 42 U.S.C. §§ 1981, 1982. Instead, they allege violations of the UCL, and merely cite federal law violations to support their state claim. (Compl. ¶ 113.) Accordingly, the UCL claim is not properly characterized as a federal cause of action; the first basis for federal question jurisdiction is unavailing.

### b. Artful Pleading

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4299 GAF (Ex) | Date | June 29, 2010 |
|---|---|---|---|
| Title | Eladio Guerra et al v. Carrington Mortgage Services LLC et al | | |

Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984); see also Lippitt, 340 F.3d at 1041-42. Here, Plaintiffs' complaint was not artfully pled to avoid federal jurisdiction. Plaintiffs specifically cited to RICO, the FDCPA, and 42 U.S.C. §§ 1981, 1982 as alternate bases for establishing their UCL claim. The artful pleading doctrine therefore does not support federal question jurisdiction in this case.

### c. *Substantial Federal Question*

The third ground for determining the existence of federal question jurisdiction focuses on whether the state law claim necessarily turns on a substantial and actually disputed federal question. Rains, 80 F.3d at 343. The Supreme Court has held that a federal court may exercise federal question jurisdiction if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal state judicial responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) However, it is well established in the Ninth Circuit that when a claim can be supported by "alternative and independent theories," one of which is a state law theory and one of which is a federal law theory, "federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346.

In addressing UCL claims, the Ninth Circuit has held that reference to federal law does not raise a federal question. In Lippitt, the court explained that federal law was not a necessary element of the plaintiff's UCL claim because he did not "have to rely on a violation of the Exchange Act nor an infraction of an NYSE rule or regulation to bring a UCL claim in California state court." Lippitt, 340 F.3d at 1043. To bring a UCL claim, the plaintiff merely had to show "that Defendants' conduct was either unfair or fraudulent." Id. Therefore, in Lippitt, the court concluded that the state law allegations were "sufficient . . . to sustain the elements of his § 17200 claim without resort to federal law." Id. "Lippitt need not depend on the violation of federal law to bring his UCL claim. There is no 'basic' or 'pivotal' federal question that impinges on his right to relief." Id. at 1046 (citations omitted).

Here, Plaintiffs allege twenty-one separate violations of Section 17200, which include fifteen violations of California law, three RICO violations, one FDCPA violation, and two federal civil rights violations. (Compl. ¶ 113.) Only six of the alleged violations arise out of federal law and Plaintiffs may therefore prevail on their UCL claim pursuant to any one of the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4299 GAF (Ex) | Date | June 29, 2010 |
|---|---|---|---|
| Title | Eladio Guerra et al v. Carrington Mortgage Services LLC et al | | |

fifteen alleged state law violations.  In this instance, the federal statutes serve merely as an alternative and independent legal theory.  Accordingly, federal law is not a necessary element of Plaintiff's state law claim, and no substantial question of federal law exists.

## III.
## CONCLUSION

For the foregoing reasons, the Court concludes that references to federal law in a UCL claim do not raise a federal question.  The Court therefore lacks subject matter jurisdiction and this case is **REMANDED** to Los Angeles County Superior Court for all further proceedings.

**IT IS SO ORDERED.**